**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON DIVISION**

NATIONAL UNION FIRE INSURANCE COMPANY
OF PITTSBURGH, PA,

           Plaintiff,

v.                                         CIVIL ACTION NO.  2:08-cv-01158

EZRA LAMBERT, et al.,

           Defendants.

**MEMORANDUM OPINION & ORDER**

Pending before the court are the defendant Ezra Lambert's Motion to Alter or Amend the Court's April 26, 2010 Order Dismissing Defendant Lambert's Counterclaim [Docket 81] and Motion for Leave to Amend Counterclaim [Docket 82]. For the reasons explained below, these motions are **DENIED**.

**I. Background**

National Union Fire Insurance Company of Pittsburgh, PA ("National Union") brought this action seeking a declaratory judgment that the liability insurance policy ("the policy") it issued to the State of West Virginia does not cover defendant Betty Jean Hale's claim arising from an accident that occurred in the kitchen of Southwestern Regional Jail. According to Hale, defendant and inmate Ezra Lambert continued to push a cart containing a heavy mixer after its wheel became stuck on the floor; the mixer fell off the cart and on to Hale's foot, injuring her.

Hale filed a lawsuit in the Circuit Court of Logan County, naming both the State of West Virginia and Lambert as defendants. National Union then filed the instant suit, seeking a declaration

that it has no duty to defend or indemnify Lambert because he does not qualify as an "insured" under the policy. Lambert, through his guardian ad litem, filed a counterclaim, asserting that he qualifies as an "insured" under the policy, and requesting, should he "substantially prevail in this matter . . . all costs, attorneys fees and expenses incurred in defense and pursuit of this matter and for such other relief that may be allowed or available by law." (Answer & Countercl. [Docket 17] 6.)

On April 19, 2010, this court entered a Memorandum Opinion and Order [Docket 69] granting Hale's Motion for Summary Judgment and denying National Union's Motion for Summary Judgment. On April 26, 2010, this court entered a second Memorandum Opinion and Order [Docket 72] dismissing Lambert's counterclaim and referring his request for attorneys fees, costs and expenses to United States Magistrate Judge Mary E. Stanley.

Lambert now argues that his counterclaim seeking all relief available for an insured who "substantially prevails" encompasses damages for annoyance and inconvenience, pursuant to *Hayseeds, Inc. v. State Farm Fire & Casualty Co.*, 352 S.E.2d 73 (W. Va. 1986). He argues that he is entitled to have these non-economic damages addressed by a jury, and requests that the court "alter or amend its April 26, 2010 *Order* to reinstate [his] *Counterclaim* and schedule his claims for a trial by jury." (Motion Alter or Amend Order 6.) Lambert argues that his request is "a proper attempt to correct an error": specifically, "the April 26's order inadvertent omission as to annoyance and inconvenience damages." (Reply Br. Opp'n [Docket 87] 4, 6.) Lambert also seeks leave to amend his counterclaim to clarify the nature of his *Hayseeds* claim and add claims for breach of contract and violations of West Virginia's Unfair Trade Practices Act.

National Union argues that Lambert has not met the requirements for relief under Federal Rule of Civil Procedure Rule 60 or 59(e) and that "[t]he proper channel for the relief that Defendant

requests is the filing of a timely appeal to the applicable appellate court." (Br. Opp'n Mot. Alter or Amend Order [Docket 85] 6.) National Union further argues that Lambert's motion to amend his counterclaim is untimely, futile, and prejudicial to National Union, and that Lambert "has made no showing that justice requires this Court to allow it leave to amend [the counterclaim] after a judgment dismissing Defendant's counterclaim has already been entered." (Br. Opp'n Mot. Amend Countercl. [Docket 86] 2.)

## II. Analysis

Lambert brings his Motion to Alter or Amend the Court's April 26, 2010 Order under Federal Rule of Civil Procedure 60. A threshold requirement for relief under this rule is a showing of "exceptional circumstance." *See, e.g., Compton v. Alton S.S. Co., Inc.*, 608 F.2d 96, 102 (4th Cir. 1979). No such "exceptional circumstances" are present in this case. The court agrees with National Union that "Rule 60(b) is not the proper vehicle for a request that a legal issue be reconsidered." (Br. Opp'n Mot. Alter or Amend Order 6.)

Lambert now requests that the court deem his Motion to Alter or Amend the Court's April 26, 2010 Order a Rule 59 motion. (Reply Br. Opp'n 6.) This approach also fails. Lambert seeks to use Rule 59(e) "as a means to . . . put forward additional arguments which it could have made but neglected to make before judgment." *Davis v. Lukhard*, 106 F.R.D. 317. 318 (D.C. Va. 1984). He "brings forward no matter that could not have been argued before judgment was entered herein." *Durkin v. Taylor*, 444 F.Supp. 879, 889 (D.C. Va. 1977). Since Lambert "contends that the Order of this Court is erroneous as a matter of law, the proper procedure is appeal to the United States Court of Appeals." *Blair v. Delta Air Lines*, *Inc.*, 344 F. Supp. 367, 368 (S.D. Fla. 1972).

Lambert's motion to amend his counterclaim also is denied. Leave to amend shall be given when justice so requires. Fed. R. Civ. Proc. 15(a)(2). The court has already ruled on Lambert's counterclaim. Lambert could have moved to clarify his counterclaim and add more causes of action earlier in these proceedings, but he did not. He cites no reason for his delay. The interests of justice do not compel amendment in such circumstances.

### III. Conclusion

The defendant Ezra Lambert's Motion to Alter or Amend the Court's April 26, 2010 Order Dismissing Defendant Lambert's Counterclaim [Docket 81] and Motion for Leave to Amend Counterclaim [Docket 82] are **DENIED**.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

                                             ENTER:      June 14, 2010

                                             Joseph R. Goodwin, Chief Judge